1  Viddell Lee Heard (# 175049)
      vheard@afrct.com
2  ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
3  199 South Los Robles Avenue, Suite 600
4  Pasadena, California 91101-2459
   Tel: (626) 535-1900 | Fax: (626) 577-7764
5
6  Attorneys for Defendant
   WELLS FARGO BANK, N.A., successor by
7  merger with Wells Fargo Bank Southwest,
   N.A., f/k/a Wachovia Mortgage, FSB, f/k/as
8  World Savings Bank, FSB
9
                    UNITED STATES DISTRICT COURT
10
                    CENTRAL DISTRICT OF CALIFORNIA
11
12
13  BYSHERREL FREDRICK, an            CASE NO.: 2:14-cv-07093-DDP-JC
    individual,
14                                    **WELLS FARGO BANK, N.A.'S**
              Plaintiff,              **NOTICE OF MOTION AND MOTION**
15                                    **TO DISMISS COMPLAINT;**
         v.                           **MEMORANDUM OF POINTS AND**
16                                    **AUTHORITIES**
    WELLS FARGO BANK, N.A.;
17  CAL-WESTERN                       [Filed with separate Request For Judicial
    RECONVEYANCE, LLC; and            Notice]
18  DOES 1 through 100, inclusive,
                                      Date:      November 10, 2014
19            Defendants.             Time:      10:00 a.m.
                                      Ctrm:      3
20
21
22
23
24
25  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN**:
26         **PLEASE TAKE NOTICE** that on November 10, 2014 at 10:00 a.m. or as
27  soon thereafter as the matter may be heard in Courtroom 3 of the above-entitled
28  Court, Defendant WELLS FARGO BANK, N.A., successor by merger with Wells

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB,

2  formerly known as World Savings Bank, FSB ("Wells Fargo") will move to

3  dismiss each claim for relief in the operative complaint. The grounds for this

4  motion to dismiss, brought pursuant to Federal Rules of Civil Procedure 12(b)(6),

5  are:

6      First Claim for Relief: Violation of Civil Code §§ 2923.5, 2924.17, 2923.55

7  – Failure to Meet Foreclosure Communication Requirements

8      The complaint fails to state a claim because: (i) the complaint fails to allege

9  a factual or legal basis for the claim; (ii) the claim is not plead with adequacy or

10  particularity; and (iii) the claim is time-barred.

11      Second Claim for Relief: Violation of Homeowner Bill of Rights

12      The complaint fails to state a claim because: (i) the complaint fails to allege

13  a factual or legal basis for the claim; (ii) the claim is not plead with adequacy or

14  particularity; and (iii) the claim is time-barred.

15      Third Claim for Relief:  Statutory Unfair Competition - Bus. & Prof. Code §

16  17200, *et seq.*

17      The complaint fails to state a claim because: (i) the complaint fails to allege

18  a factual or legal basis for the claim; (ii) the claim is not plead with adequacy or

19  particularity; and (iii) the claim is time-barred.

20      Fourth Claim for Relief:  Common Law Unfair Competition

21      The complaint fails to state a claim because: (i) the complaint fails to allege

22  a factual or legal basis for the claim; (ii) the claim is not plead with adequacy or

23  particularity; and (iii) the claim is time-barred.

24      Fifth Claim for Relief: Breach of the Implied Covenant of Good Faith and

25  Fair Dealing

26      The complaint fails to state a claim because: (i) the complaint fails to allege

27  a factual or legal basis for the claim; (ii) the claim is not plead with adequacy or

28  particularity; and (iii) the claim is time-barred.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Sixth Claim for Relief: Negligence

2         The complaint fails to state a claim because: (i) the complaint fails to allege

3    a factual or legal basis for the claim; (ii) the claim is not plead with adequacy or

4    particularity; and (iii) the claim is time-barred.

5         Seventh Claim for Relief: Negligent Infliction of Emotional Distress

6         The complaint fails to state a claim because: (i) the complaint fails to allege

7    a factual or legal basis for the claim; (ii) the claim is not plead with adequacy or

8    particularity; and (iii) the claim is time-barred.

9         Eighth Claim for Relief: Declaratory Relief

10        The complaint fails to state a claim because: (i) the complaint fails to allege

11   a factual or legal basis for the claim; (ii) the claim is not plead with adequacy or

12   particularity; and (iii) the claim is time-barred.

13        Ninth Claim for Relief: Injunctive Relief

14        The complaint fails to state a claim because: (i) the complaint fails to allege

15   a factual or legal basis for the claim; (ii) the claim is not plead with adequacy or

16   particularity; and (iii) the claim is time-barred.

17        This motion is based on this notice of motion and motion, the attached

18   memorandum of points and authorities, the accompanying request for judicial

19   notice and exhibits thereto, the documents on file in this action, the argument of

20   counsel, and on such other information as the Court may deem appropriate.

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    **Compliance with Local Rule 7-3**. On September 12, 2014, Wells Fargo's

2    counsel sent Plaintiff's counsel a letter that identified the bases of this motion and

3    asked that the parties discuss the issues further. The attorneys later conferred but

4    were unable to resolve the issues presented in this motion.

5                                        Respectfully submitted,

6    Dated:  October 3, 2014            ANGLIN, FLEWELLING, RASMUSSEN,
7                                          CAMPBELL & TRYTTEN LLP

8

9                                       By: _____/s/ Viddell Lee Heard_____
                                             Viddell Lee Heard
10                                           vheard@afrct.com
                                        Attorneys for Defendant
11                                      WELLS FARGO BANK, N.A., successor by
                                        merger with Wells Fargo Bank Southwest, N.A.,
12                                      formerly known as Wachovia Mortgage, FSB,
                                        formerly known as World Savings Bank, FSB
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

1.   INTRODUCTION ...................................................................................... 1

2.   FACTS SUBJECT TO JUDICIAL NOTICE .............................................. 1

3.   THE COMPLAINT DOES NOT STATE A CLAIM FOR
     VIOLATION OF THE HOMEOWNERS' BILL OF RIGHTS ..................... 2

4.   THE COMPLAINT DOES NOT STATE A CLAIM BASED ON
     NEGLIGENCE ........................................................................................... 3

5.   THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH
     OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR
     DEALING .................................................................................................. 6

6.   THE COMPLAINT DOES NOT STATE A CLAIM FOR
     VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et
     seq.* ............................................................................................................ 7

7.   THE COMPLAINT DOES NOT STATE A CLAIM FOR COMMON
     LAW UNFAIR COMPETITION ................................................................. 8

8.   PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF FAIL ...................... 9

     A.   Plaintiff's Failure To Tender Her Outstanding Indebtedness
          Precludes  Equitable Relief ............................................................. 9

     B.   Declaratory And Injunctive Relief Are Not An Independent
          Cause Of Action ............................................................................. 10

9.   CONCLUSION ........................................................................................ 11

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

<div style="writing-mode: vertical">ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP</div>

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

This action represents a last-ditch effort to avoid the consequences of Plaintiff's longstanding admitted default on the mortgage loan she received in 2006 from Wells Fargo Bank, N.A.'s predecessor.[1] This motion explains why the complaint fails to state any claim on which relief may be granted.

Each claim is unauthorized under California or federal law for the many other reasons explained below. Therefore, Wells Fargo asks the Court to dismiss the complaint under Federal Rules of Civil Procedure (FRCP) 9(b) and 12(b).

## 2.   FACTS SUBJECT TO JUDICIAL NOTICE

**The Mortgage Loan**. In August 2006, Plaintiff obtained from World Savings Bank, FSB a $264,000 loan for a property in Lancaster, California. The loan was memorialized in a promissory note and secured by a deed of trust. *See* RJN, Exs. F (deed) and G (note).

**Wells Fargo's Status as Successor to World Savings**. The deed of trust identifies "World Savings Bank, FSB, its successors and assignees" as the beneficiary. RJN, Ex. F at 1-2. Similarly, the note identifies "World Savings Bank, FSB, a federal savings bank, its successors and assignees" as the lender. RJN, Ex. G at 1. When Plaintiff took out the loan in 2006, World Savings Bank was a federal savings bank regulated by the Office of Thrift Supervision ("OTS"). *See* RJN, Exs. A and C. World changed its name to Wachovia Mortgage, FSB on December 31, 2007 (RJN, Ex. B) but it remained chartered under HOLA and overseen by the OTS. RJN, Ex. C. Effective November 1, 2009, Wachovia Mortgage, FSB became a division of Wells Fargo Bank, N.A. (RJN, Ex. D), until

---

[1]  Wells Fargo Bank is the successor to World Savings Bank, FSB, the entity from whom Plaintiff  obtained the 2006 mortgage loan. This corporate chain of succession is more fully explained in Section 2, *infra*. For convenience, this brief will refer to these entities collectively as "Wells Fargo."

recently known as Wachovia Mortgage (RJN, Ex. E).

**Plaintiff's Defaults**. Plaintiff defaulted on the loan, most recently in June 2013. *See* RJN, Ex. H at 2 (referencing failure to make "June 15, 2013" payment). Plaintiff has not cured this default, so Wells Fargo caused a notice of default to be recorded on December 13, 2013 and a notice of sale to be recorded on May 21, 2014. *See* RJN, Exs. H (notice of default) and I (notice of sale).

## 3.   THE COMPLAINT DOES NOT STATE A CLAIM FOR VIOLATION OF THE HOMEOWNERS' BILL OF RIGHTS

The First and Second Causes of Action charge Wells Fargo with having violated certain provisions of the Homeowners Bill of Rights (HBOR). The First Cause of Action alleges that Wells Fargo failed to contact Plaintiff prior to recording a notice of default, in violation of Civil Code § 2923.5, and that Wells Fargo failed to send Plaintiff the letter required by Civil Code § 2923.55. *See* Compl. ¶¶ 36, 38. The Second Cause of Action accuses Wells Fargo of violating Civil Code §§ 2923.7 (failure to appoint a single point of contact (SPOC)) and 2924.18 (failure to halt foreclosure "pending acceptance for a workout plan").

These claims fail. <u>First</u>, the complaint does not plead facts showing that Wells Fargo's supposed failures to contact Plaintiff or to provide her the Civil Code § 2923.55 letter were "material." Civil Code § 2924.12(a)(1) and (b) authorize a plaintiff to sue for injunctive relief or damages only for "a material violation of" the listed statutes, which include Sections 2923.55 and 2923.77. Here, however, the complaint acknowledges that Plaintiff and Wells Fargo began discussing her financial difficulties after she defaulted in September 2012. *See* Compl. ¶ 18. Nothing in the complaint suggests that yet another phone call, such as the one required by Civil Code § 2923.55, would have compelled Wells Fargo to modify her loan. Nor does the complaint demonstrate that Wells Fargo's alleged failure to appoint a SPOC caused Wells Fargo to deny Plaintiff's request for a loan modification. The complaint also does not plead facts showing that Wells Fargo

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  would have modified the loan if it had sent Plaintiff a letter, as required by Civil

2  Code § 2923.7, which apprised her of her right to receive a copy of her loan

3  agreements and payment history. Plaintiff is not in default because of a dispute

4  about her loan agreements or her payment history. She is in default because she

5  stopped making her loan payments. *See* Compl. ¶ 18. Even if these supposed

6  violations took place, they did not cause Plaintiff any harm, and therefore they

7  were not material.

8      Second, the complaint fails to state facts demonstrating that Wells Fargo

9  violated Civil Code § 2924.18, which prohibits a lender from foreclosing while a

10  borrower's complete application for the lender's loan modification program is

11  pending or after the borrower has been approved for the program. *See* Civil Code §

12  2924.18(a). But the complaint candidly acknowledges that Wells Fargo *declined*

13  Plaintiff's request for a loan modification:  Wells Fargo's "representatives failed to

14  offer adequate assistance to Plaintiff and rather handed off all obligations to"

15  California state agency Keep Your Home California (KYHC). *See* Compl. ¶ 42.

16  The complaint does not allege that Plaintiff had an application pending with *Wells*

17  *Fargo* or that she had been accepted into a foreclosure prevention program offered

18  by *Wells Fargo.* Therefore, Wells Fargo was not obliged to halt foreclosure

19  proceedings. The fact that Plaintiff was allegedly accepted into a program offered

20  by *the State of California* is irrelevant.

21      **4.  THE COMPLAINT DOES NOT STATE A CLAIM BASED ON**

22      **NEGLIGENCE**

23      The Sixth Cause of Action alleges that Wells Fargo was "negligent in

24  reviewing Plaintiff for foreclosure prevention assistance," while the Seventh Cause

25  of Action alleges that Wells Fargo negligently inflicted emotional distress on

26  Plaintiff when it "pursued foreclosing on Plaintiff's home in violation of various

27  California statutes." *See* Compl. ¶¶ 62, 70. These claims fail.

28      **Lack of Duty of Care**.  A plaintiff who cannot plead and prove that the

defendant owed her a duty of care cannot maintain a claim for negligence. *Conte v. Wyeth, Inc.*, 168 Cal. App. 4th 89, 109 (2009). "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant." *Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.*, 49 Cal. App. 4th 472, 481 (1996). The "inability to plead a duty of care . . . precludes [the] maintenance of a cause of action on any negligence theory." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 349 (1997). However, California law is clear that lenders do not owe their borrowers a duty of care in circumstances such as this. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal.App.3d at 1095.[2] Here, the complaint does not plead facts showing that Wells Fargo acted outside the scope of its role a mere lender of money. *See* Section 4.C, *supra*.

As the court in *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49 (2013) held:

> We conclude a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money. A lender's obligations to offer, consider, or approve loan modifications and to explore foreclosure alternatives are created solely by the loan documents, statutes, regulations, and relevant directives

---

[2] *See also Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 436 (2010) (lender owes no fiduciary duty); *Grant v. Aurora Loan Serv., Inc.*, 736 F. Supp. 2d 1257, 1272-73 (C.D. Cal. 2010) (citing California state and federal cases); *Bridgeman, Jr. v. United States of America*, 2011 U.S. Dist. Lexis 6059 at *52 (E.D. Cal. 2011); *Dooms v. Fed. Home Loan Mortg. Corp.*, 2011 U.S. Dist. LEXIS 38550, at **24-25 (E.D. Cal. Mar. 30, 2011) (no duty of care in processing application for loan modification).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    and announcements from the United States Department of the

2    Treasury, Fannie Mae, and other governmental or quasi-

3    governmental agencies. The *Biakanja* factors do not support

4    imposition of a common law duty to offer or approve a loan

5    modification. If the modification was necessary due to the

6    borrower's inability to repay the loan, the borrower's harm,

7    suffered from denial of a loan modification, would not be

8    closely connected to the lender's conduct. If the lender did not

9    place the borrower in a position creating a need for a loan

10   modification, then no moral blame would be attached to the

11   lender's conduct.

12   *Lueras*, 221 Cal. App. 4th at 67.[3]

13       As a matter of law, Wells Fargo did not owe Plaintiff a duty of care in

14

---

15   [3]  *See also, Johnston v. Ally Fin., Inc*., 2011 U.S. Dist. LEXIS 83298, 10-11 (S.D.

16   Cal. July 29, 2011) (""[L]oan modification is an activity that is 'intimately tied to

     Defendant's lending role.'" )(citing cases); *Argueta v. J.P. Morgan Chase*, 2011

17   U.S. Dist. LEXIS 70756, 14-16 (E.D. Cal. June 30, 2011) (plaintiff alleged that

18   "[b]y accepting Plaintiff's modification application, requesting additional

     documents and conditions of Plaintiff, and representing that it was endeavoring to

19   actually review Plaintiff for a modification, [lender] had an obligation to Plaintiff

20   to do so reasonably and conform to a standards of conduct for the protection of

     Plaintiff against unreasonable risks associated with reviewing Plaintiffs for a

21   modification;" court held that the allegations "are insufficient to plausibly suggest

22   that defendants owed plaintiff a duty of care"); *DeLeon v. Wells Fargo Bank, N.A*.,

     2010 U.S. Dist. LEXIS 112941, 9-12 (N.D. Cal. Oct. 22, 2010) (negligence claim

23   fails because lender had no "duty to Plaintiffs to complete the loan modification

24   process, postpone the foreclosure sale pending completion of such process, and

     serve a proper notice of sale"); *Coppes v. Wachovia Mortg. Corp*., 2011 U.S. Dist.

25   LEXIS 42061, *17-18 (E.D. Cal. Apr. 13, 2011) (negligence claim premised on

26   allegations that she was "referred to WACHOVIA for an 'in house [modification]

     program,'" and "applied for the 'in house program' and was declined;" claim

27   dismissed because "Plaintiff has not alleged 'special circumstances' plausibly

28   suggesting Wachovia owed her a duty of care because it 'actively participate[d] in

     the financed enterprise beyond the domain of the usual money lender.'")

1   considering their request for a change in the terms of the parties' loan contracts. It

2   therefore cannot be held liable in negligence.

3         The claim for negligent infliction of emotional distress fails for the same

4   reason. "[T]here is no independent tort of negligent infliction of emotional distress.

5   [citation]  The tort is negligence, a cause of action in which a duty to the plaintiff is

6   an essential element." *Potter v. Firestone Tire & Rubber Co*., 6 Cal. 4th 965, 984

7   (1993).

8         Finally, the Sixth Cause of Action fails to plead facts demonstrating that

9   Wells Fargo's conduct caused Plaintiff to suffer damages. The complaint does not,

10  for example, plead facts showing that Plaintiff was legally entitled to a loan

11  modification. If Wells Fargo had the right to decline her request for a modification,

12  Plaintiff was not harmed by the *manner in which* Wells Fargo reached that

13  decision.

14  **5.    THE COMPLAINT DOES NOT STATE A CLAIM FOR BREACH OF**

15  **THE IMPLIED COVENANT OF GOOD FAITH AND FAIR**

16  **DEALING**

17        The Fifth Cause of Action for breach of the implied covenant of good faith

18  and fair dealing alleges that Wells Fargo breached the implied covenant by "failing

19  to abide by their own guidelines, as well as state requirements, in offering or

20  accepting Plaintiff's alternatives to foreclosure." Compl. ¶ 59. This claim fails for

21  at least two reasons.  First, a breach of the covenant claim based on *statutory* or

22  *non-contract* duties fails on its face. "[T]he covenant of good faith and fair dealing

23  is, by definition, an implied contract term; it has no relation to any statutory duties

24  which may exist." *Smith v. City and County of San Francisco*, 225 Cal. App. 3d

25  38, 49 (1990) (rejecting argument that "implied covenant can exist based on certain

26  statutory duties imposed" on the defendant). Therefore, Plaintiff may not base an

27  implied covenant claim on extra-contractual duties such as those supposedly found

28  in "state requirements" or Wells Fargo's internal "guidelines."

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    <u>Second</u>, the covenant of good faith and fair dealing exists to protect the

2    express covenants of the contract, not to protect a general public policy interest

3    that is not directly tied to the contract's purpose. *Racine & Laramie, Ltd. v.*

4    *California Dep't of Parks and Recreation*, 11 Cal. App. 4th 1026, 1031 (1992);

5    *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 690 (1988). "This covenant is read

6    into contracts in order to protect the express covenants or promises of the contract,

7    not to protect some general public policy interest not directly tied to the contract's

8    purpose." *Wolf v. Walt Disney Pictures & Television*, 162 Cal.App.4th 1107, 1120

9    (2008) (quotations marks omitted). Here, the obvious purpose of the note and deed

10   of trust is to memorialize the terms on which Plaintiff will pay back her $264,000

11   loan. *See* RJN, Exs. F and G. These contracts do not contain implicit promises to

12   change those terms if one party becomes unable to perform. Such an implicit

13   promise would directly undermine, not protect, the contract's express terms.

14   **6.   THE COMPLAINT DOES NOT STATE A CLAIM FOR VIOLATION**

15   **OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.***

16   The Third Cause of Action is based entirely on Wells Fargo's refusal to

17   grant Plaintiff a loan modification. *See* Compl. ¶¶ 48-49. The complaint asserts that

18   this conduct violated Bus. & Prof. Code § 17200 *et seq.*(the "UCL"). This claim

19   fails for at least two reasons. <u>First</u>, it lacks the required particularity. A UCL claim

20   must state the facts supporting the alleged violation with reasonable particularity.

21   *Khoury v. Maly's, Inc.,* 14 Cal. App. 4th 612, 619 (1993); *Nguyen*, 2010 U.S. Dist.

22   LEXIS 113246 at *42; *Covenant Care, Inc. v. Superior Court*, 32 Cal. 4th 771, 790

23   (2004) ("statutory causes of action must be pleaded with particularity"). Moreover,

24   FRCP 9(b) requires allegations of fraud to be made with particularity, and the UCL

25   claim in this case is based entirely on Wells Fargo's supposed fraud. The Third

26   Cause of Action is largely devoid of particularized factual allegations such as when

27   Plaintiff applied for the modification(s), when Wells Fargo denied those

28   applications and the manner in which it did so, and who spoke on Wells Fargo's

behalf.

Second, Plaintiff lacks standing to bring this claim. A plaintiff has standing to sue under the UCL only if she has (1) "suffered injury in fact" and (2) "has lost money or property as a result of" the unfair competition he challenges. *See* Bus. & Prof. Code § 17204; *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 227 (2006). Also, "[b]ecause the remedies for individuals under the [unfair competition law] are restricted to injunctive relief and restitution, the import of the [UCL Section 17204 loss of money or property] requirement is to limit standing to individuals who suffer losses of money or property that are eligible for restitution." *Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 22 (2009) (citations omitted). Damages are not recoverable under the UCL. *See Cortez v. Purolater Air Filtration Prod. Co.*, 23 Cal.4th 163, 173 (2000). Here, the complaint does not state facts showing that Plaintiff suffered any loss due to Wells Fargo's refusal to change the terms of her loan contracts – e.g., that Plaintiff was entitled to a loan modification and has been forced to make higher mortgage payments. Instead, the complaint acknowledges that Plaintiff defaulted on the loan, and the foreclosure notices confirm that fact. *See* Compl. ¶ 18; RJN, Ex. H.

## 7.   THE COMPLAINT DOES NOT STATE A CLAIM FOR COMMON LAW UNFAIR COMPETITION

The Seventh Cause of Action alleges that Wells Fargo's refusal to modify Plaintiff's loan constituted  "common law unfair competition." The tort of unfair competition has been applied to "contractual provisions by one party, usually an employee or partner, not to compete against its former employer or partner," as well as to various kinds of trade secret, copyright or other intellectual property violations. *See, e.g., Balboa Ins. Co. v. Trans Global Equities*, 218 Cal.App.3d 1327, 1341-1343 (1990); *Los Defensores, Inc., v. Gomez*, 223 Cal. App 4th 377, 393 (2014). However, Wells Fargo has been unable to locate any California court recognizing such a cause of action applicable to the situation at hand. Plaintiff and

Wells Fargo are not competitors, and Wells Fargo's refusal to change the terms of their contract was not unfair.

## 8.   PLAINTIFF'S CLAIMS FOR EQUITABLE RELIEF FAIL

Each claim seeks equitable relief in the form of an injunction preventing Wells Fargo from enforcing the loan or foreclosing. *See* Prayer for Relief ¶ 1.

### A.   Plaintiff's Failure To Tender Her Outstanding Indebtedness Precludes Equitable Relief

A debtor seeking an injunction or other equitable relief must tender her outstanding debt. *See FPCI Re-Hab 01 v. E & G Invs.,* 207 Cal. App. 3d 1018, 1021 (1989); *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) ("A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted."). A mortgagor may not maintain a quiet title action against the mortgagee without first paying the outstanding debt on which the subject mortgage is based. *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707 (1994) ("[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee"); *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (1974) ("The cloud upon…title persists until the debt is paid").  Indeed, equitable principles mandate that when a mortgagor seeks to quiet title as to a mortgagee without first discharging her contractual obligations, such action should be conditioned upon the return of amounts advanced by the mortgagee. *Burns v. Hiatt*, 149 Cal. 617, 621-22 (1906). This "tender rule" also applies to claims for cancellation of instruments. *See Jelsing v. MIT Lending,* 2010 U.S. Dist. Lexis 38515 at *15 (S.D. Cal. July 9, 2010).

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 439 (2003). A complaint that does not allege such a tender does not state a claim for relief under California law. *McElroy v. Chase Manhattan Mortg. Corp.*, 134 Cal. App. 4th 388 (2005).

Numerous federal courts have applied the tender rule in dismissing lawsuits

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

such as the one at hand. *See Nguyen*, 2010 U.S. Dist. LEXIS 113246 at *31-36 (citing cases); *Collins v. Power Default Services, Inc.*, 2010 U.S. Dist. LEXIS 3361, at *4-*6 (N.D. Cal. Jan. 24, 2010) (citing California state and federal cases). "The application of the 'tender rule' prevents 'a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property.'" *Nguyen*, 2010 U.S. Dist. LEXIS 113246, at *32. The Ninth Circuit has also recognized and enforced this "tender rule." *See Guerrero v. Greenpoint Mortg. Funding*, 2010 U.S. App. LEXIS 21617, at *3 (9th Cir. Oct. 7, 2010) (borrowers "lacked standing to bring a claim for 'wrongful foreclosure,' because they failed to allege actual, full, and unambiguous tender of the debt owed on the mortgage.")

Here, Plaintiff has not alleged that she tendered her outstanding debt, and the foreclosure notices (the accuracy of which she does not dispute) confirm that that they have  not done so. *See* RJN, Exs. H-I. Therefore, Plaintiff's claims fail to the extent she seeks equitable relief.

**B.**   **Declaratory And Injunctive Relief Are Not An Independent Cause Of Action**

As numerous federal courts have held, injunctive and declaratory relief are remedies, not independent causes of action. *See Bridgeman, Jr. v. United States of America*, 2011 U.S. Dist. Lexis 6059 at *59-*60 (E.D. Cal. Jan. 21, 2011) (citing cases);  *Santos v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 103453, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009) ("Declaratory and injunctive relief are not independent claims, rather they are forms of relief.") *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010) (same). Similarly, a claim for cancellation of instruments "is really a claim for rescission . . . [a]nd rescission is a remedy, not an independent cause of action." *Jelsing*, 2010 U.S. Dist. Lexis 38515, at *15. Therefore, the Eighth and Ninth Causes of Action do not state claims for relief.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

10

9.   **CONCLUSION**

For each of the foregoing reasons, Wells Fargo requests that the Court grant this motion to dismiss without leave to amend.

Respectfully submitted,

Dated:  October 3, 2014          ANGLIN, FLEWELLING, RASMUSSEN,
                                 CAMPBELL & TRYTTEN LLP


By: _____ /s/ Viddell Lee Heard _____
                Viddell Lee Heard
                vheard@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by
merger with Wells Fargo Bank Southwest, N.A.,
formerly known as Wachovia Mortgage, FSB,
formerly known as World Savings Bank, FSB
("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

*Attorneys for Plaintiff*
BYSHERREL FREDRICK

Kettner Law Corporation
Marc Applbaum
2150 West Washington St. #104
San Diego, CA 92110

Tel: (888) 809-0724
Fax: (888) 809-4658

em@kettnerlawcorp.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on October 3, 2014.

| Marianne Mantoen | */s/ Marianne Mantoen* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |